(No. 46020.—

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Adeline Epting, Appellant.)

*Opinion filed May 29, 1974.*

Ettinger, Schaner & Berks, of Chicago (Jordan Teplitz, of counsel), for appellant.

Michael J. Murray, of Chicago (John J. Dillon and John L. Wren, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission dismissed the application of the claimant, Adeline Epting, for workmen's compensation benefits for injuries she suffered in a fall at the Kilmer School in Chicago because she had not proved that she was an employee of the respondent, the Board of Education of the City of Chicago. The Commission disagreed and awarded her benefits. The circuit court of Cook County set aside the award of the Commission, and the claimant has appealed.

The Workmen's Compensation Act defines an employee as "[e]very person in the service of the State, including all persons in the service of *** [a] school district, body politic, or municipal corporation therein, under appointment or contract of hire, express or implied, oral or written ***." (Ill. Rev. Stat. 1967, ch. 48, par. 138.1(b)1.) The claimant was injured in 1968 while supervising the lunchtime activities of pupils. The only question before us is whether she was an employee of the Board of Education at the time she suffered her injuries.

The claimant supervised the lunchtime activities of some 150 elementary school pupils who brought their lunches to school and ate them in the school auditorium. The principal of the school testified that she had reviewed the claimant's qualifications and had explained her lunchtime duties to her before asking her whether she would supervise the children. The claimant agreed to assume the task of supervision and was required to be at the school every school day from noon to 1 p.m. The principal testified that she knew that the claimant was paid for her work as lunchtime supervisor by the Parent-Teacher Association, and that she and the assistant principal supervised the claimant's work and that she had the power to terminate the claimant's services if her work was unsatisfactory.

The claimant testified that when she was interviewed for the position by the principal, the question of pay was not discussed. She testified that the lunchtime supervisor whom she replaced had previously told her about the monthly payment from the PTA. She further testified that although she did not take the job for pay, she considered herself an employee of the school and regarded the monthly payment from the PTA as "straight salary."

The claimant testified that she performed other tasks at the school at times other than from noon to 1 p.m. as a volunteer; that a few months after assuming her duties as lunchtime supervisor, the school principal asked her to file an application to participate in the "Volunteers in the Chicago Public Schools" program with the Board of Education. She did so and was interviewed by a member of the staff of the Board of Education. The claimant testified that she told the interviewer that she had to be at the Kilmer School every day from noon to 1 p.m. to supervise the lunchroom. The interviewer then asked what other duties she would be able to perform. The claimant told her about the other tasks she had performed at the school,

such as typing and filing, but emphasized that her "main job" was lunchroom supervision. The interviewer then said that the Board would notify the Kilmer School principal that "she's got a bona fide volunteer worker."

The Director of the Teacher Aide Volunteer Program of the Chicago Board of Education testified that all persons who wished to serve as volunteers were interviewed and signed an application form that included the following sentence: "I understand that, as a volunteer, I will receive no compensation or remuneration of any kind from the Board of Education or any other organization." She also testified that volunteers always assisted a professional employee and never were given "the total direction of any of the children."

The claimant's position is that although she admittedly was a volunteer at other times, she was an employee of the school between noon and 1 p.m. in her capacity of lunchroom supervisor. The Board of Education contends that the necessary elements of an employer-employee relationship were lacking.

In *Board of Education v. Industrial Com.* (1972), 53 Ill.2d 167, we held that a student-teacher who voluntarily assisted public school teachers as a participant in the "Volunteers in the Chicago Public Schools" program was not an employee of the Board of Education within the meaning of the Workmen's Compensation Act. Her participation was a fulfillment of the "School of Education—De Paul University—100 Hours Requirement," and we emphasized that the Board offered no consideration for the student-teacher's services and that "she did not regard herself as an employee of the Board of Education and the Board likewise did not regard her as one of its employees." 53 Ill.2d at 172.

In this case, however, the claimant received a monthly payment of $52 from the PTA for her services as lunchroom supervisor. The school principal knew that she

received that compensation and the claimant regarded herself as an employee. In our opinion these differences are sufficient to sustain the Commission's determination that the claimant was an employee of the Board of Education.

Although we stated in *Board of Education v. Industrial Com.* (1972), 53 Ill.2d 167, 171, that "it is generally recognized that a true employer-employee relationship does not exist in the absence of the payment or expected payment of consideration in some form by employer to employee," there was no payment in any form in that case, and probably for that reason the briefs of the parties did not refer to our earlier decision which had involved payment of compensation by a third party. That case is *Forest Preserve District v. Industrial Com.* (1934), 357 Ill. 389. There it was held that an employer need not pay the employee directly if the employer knows that a third party is paying the employee for the services he performs for the employer.

In that case, the claimant was paid by the Illinois Emergency Relief Commission for the work he performed for the Forest Preserve District. The Forest Preserve District did not fix the amount of the payment and did not select the claimant to work for it. In that situation we held that the test for determining whether an employer-employee relationship existed between the claimant and the District was whether the claimant was "wholly subject to the control and direction" of the District. (357 Ill. at 395.) As Professor Larson has stated, "so long as there is some kind of pay, it is not essential that the payment come from the employer." 1A A. Larson, Law of Workmen's Compensation (1973), sec. 47.41, n.1.

In this case, the claimant was wholly subject to the control and direction of the school principal. In addition, the principal and not the PTA selected the claimant to supervise the lunchroom. The principal knew that the PTA

paid the lunchroom supervisor for her services to the school. In her capacity of lunchroom supervisor, the claimant regarded herself as an employee of the school. These facts, in our opinion, are sufficient to sustain the Commission's determination that the claimant was an employee when she supervised the lunchroom.

The statement contained in the application form signed by the claimant does not require a contrary conclusion. The claimant testified that after becoming lunchroom supervisor, she voluntarily performed other services at the school. Her subsequent application to participate in the "Volunteers in the Chicago Public Schools" program appears to have been regarded as a confirmation of her volunteer status with respect to those other services at the school. The claimant signed a statement that "as a volunteer" she would receive "no compensation or remuneration of any kind from the Board of Education *or any other organization.*" (Emphasis added.) Since the claimant was already receiving monthly compensation from the PTA for her services as lunchroom supervisor, her statement on the application corroborates her claim that she regarded herself as an employee and not as a volunteer in her capacity of lunchroom supervisor. Whether the office staff of the Board of Education knew or approved of the PTA's monthly payment to the claimant is immaterial because the knowledge and approval of the school principal, who was acting within the scope of her actual or ostensible authority, is imputed to the Board of Education.

The judgment of the circuit court is reversed and the award of the Commission is reinstated.

*Judgment reversed; award reinstated.*